**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-1821**

———————————

RICHARD ALCIDES NORIEGA REINOSO; ALESSANDRA NICOLE NORIEGA PALOMINO,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted: July 16, 2026                    Decided: July 20, 2026

———————————

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

**ON BRIEF:** Jose Martin Blanco, Silver Spring, Maryland, for Petitioners. Brett A. Shumate, Assistant Attorney General, Kohsei Ugumori, Senior Litigation Counsel, Edward C. Durant, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Alcides Noriega Reinoso and his daughter, Alessandra Nicole Noriega Palomino, natives and citizens of Peru, petition for review of the order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").* We deny the petition for review.

Because the Board used its "streamlined process" to affirm the IJ's decision without opinion, we review "the IJ's decision for the reasoning, recognizing that the Board has concluded that any error in reasoning is harmless or nonmaterial." *Camara v. Ashcroft*, 378 F.3d 361, 366 (4th Cir. 2004) (internal quotation marks omitted). We will affirm the agency's determination regarding an applicant's eligibility for asylum and withholding of removal if it is supported by substantial evidence on the record considered as a whole. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues, however, are reviewed de novo. *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008).

Here, the IJ found that Petitioners failed to show that the Peruvian government was unable or unwilling to protect them from criminal groups demanding money and threatening them because of Noriega Reinoso's job in the financial industry. "When an

---

* Petitioners do not challenge the denial of their request for protection under the CAT. Accordingly, they have forfeited that claim. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023).

applicant claims that she fears persecution by a private actor, she must also show that the government in her native country is unable or unwilling to control her persecutor." *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) (internal quotation marks omitted). "Whether a government is unable or unwilling to control private actors is a factual question that must be resolved based on the record in each case." *Crespin-Valladares v. Holder*, 632 F.3d 117, 128 (4th Cir. 2011) (citation modified). Upon review of the record, considered in conjunction with the relevant authorities and the issues raised in this court, we discern no legal error in the agency's analysis of this issue. Substantial evidence supports the agency's ruling that Petitioners failed to establish that the Peruvian government was unable or unwilling to protect them from the private-actor persecutors. Because the agency's finding that the Peruvian government was able or willing to protect them was dispositive of their applications for asylum and withholding of removal, *see Molina-Diaz v. Bondi*, 128 F.4th 568, 579 (4th Cir. 2025), we need not address Petitioners' remaining arguments on those applications. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

To the extent Petitioners contend that the Board committed legal error when it summarily affirmed the IJ's decision without opinion, they have not demonstrated legal error in the Board's decision. *See Blanco de Belbruno v. Ashcroft*, 362 F.3d 272, 279-83 (4th Cir. 2004).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3